IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Petitioner,               No. CIV S-07-2744 LKK JFM P

    vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTION
AND REHABILITATION, et al.,

    Respondents.          ORDER

                                /

        Petitioner, a state prisoner proceeding pro se, has filed a civil action styled as a petition for writ of habeas corpus. Petitioner has not filed a request to proceed in forma pauperis, nor has he paid any filing fee.

        Although it is not entirely clear, the allegations of the original petition appear to implicate conditions of petitioner's confinement, rather than the fact or duration thereof. Federal habeas corpus relief is available only for challenges to the fact or duration of an inmate's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973). Challenges to the conditions of confinement must be raised, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. See, e.g., Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

/////

1

1    Good cause appearing, petitioner's original pleading will be dismissed and
2 petitioner will be given an opportunity to file, as appropriate, either an amended complaint on the
3 form for a prisoner civil rights action under 42 U.S.C. § 1983, or a petition for a writ of habeas
4 corpus on the form provided with this order. If petitioner is challenging the conditions of his
5 confinement, he should complete the form civil rights complaint. If petitioner is challenging the
6 fact of his confinement or the length of his sentence, he should complete the form habeas corpus
7 petition.

8    If petitioner does choose to file a civil rights complaint, he must demonstrate how
9 the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis
10 v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must name individual
11 defendants and must allege in specific terms how each named defendant is involved. There can
12 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
13 between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362
14 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
15 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in
16 civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
17 1982).

18   In addition, petitioner is informed that the court cannot refer to a prior pleading in
19 order to make petitioner's amended complaint complete. Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading. This is
21 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended complaint, the original
23 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.
26 /////

Finally, petitioner must also pay the appropriate filing fee ($350.00 for a civil rights action or $5.00 for a habeas corpus action) or he must submit an application to proceed in forma pauperis. If petitioner applies to proceed in forma pauperis and his application is granted he will still be required to pay the filing fee for a civil rights action, but the fee will be collected in installments.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's original pleading is dismissed.

2. Petitioner is granted thirty days from the date of service of this order to file an amended pleading on one of the forms provided with this order, accompanied by the attached Notice of Amendment; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Pleading"; petitioner must file an original and one copy of the amended pleading; failure to file an amended pleading in accordance with this order will result in a recommendation that this action be dismissed.

3. Petitioner is granted thirty days from the date of this order to pay the appropriate filing fee or submit an application to proceed in forma pauperis.

4. The Clerk of the Court is directed to send petitioner a form civil rights complaint and accompanying instructions, a form habeas corpus petition and accompanying instructions, and an Application to Proceed In Forma Pauperis by a Prisoner.

DATED: May 29, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
hick2744.114

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Petitioner,                             No. CIV S-07-2744 LKK JFM P

    vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTION
AND REHABILITATION, et al.,

    Respondents.                        <u>NOTICE OF AMENDMENT</u>

_____/

    Petitioner hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Pleading

    _____    Application to Proceed In Forma Pauperis
                               OR
                      Filing Fee

DATED:

                                           _____
                                           Petitioner